## ROWAN *v.* BEATTIE *et al.*

[94 South. 232. No. 22746.]

TRESPASS. *Proof in suit for statutory penalties for cutting trees held insufficient.*

Where a plaintiff files suit for statutory penalties and his contract shows that he contracted for "timbers to be taken from above twelve inches in diameter at the stump and up," his proof must show that the defendant cut such trees and the number of such trees so cut, and it is not sufficient to show the number of trees cut without showing that they would measure twelve inches and over.

APPEAL from circuit court of Wilkinson county.

HON. R. L. CORBAN, Judge.

Suit by E. C. Rowan against Walter Beattie and others. From an order sustaining defendants' motion for peremptory instruction and the judgment entered, plaintiff appeals. Affirmed.

*Ackland H. Jones,* for appellant.

An examination of this record shows conclusively that the court erred in sustaining the motion to exclude all of plaintiff's evidence, and erred in instructing the jury to find for the defendants.

"A motion to exclude the evidence and instruct for the defendant is analogous to a demurrer to the evidence, and in the main is governed by the same rules. It admits the truth of all the evidence for the plaintiff. It admits all the facts which the evidence for the plaintiff tends to prove, or of which there was any evidence, however slight, and all inferences favorable to plaintiff which can logically and reasonably be drawn from the evidence. It waives all the evidence for the defendant which is contradictory to that of the other party, all his evidence the credit of which is impeached and all inferences from his evidence which do not necessarily flow from it. A motion to exclude the evidence should never be allowed unless it is plainly and unmistakably insufficient to maintain the issue, nor except in cases where the court would feel constrained to set aside the verdict for the opposite party as unwarranted by the evidence. If the evidence favorable to plaintiff, accepted as true, with all fair and reasonable inferences and deductions which might be drawn therefrom, makes a *prima-facie* case for plaintiff, the motion should not be allowed, but the case should be submitted to the jury, who, under our system, are deemed the best judges of the facts in evidence, and of all ineferences to be drawn therefrom. If, thus considered, the evidence in the instant case made a *prima-facie* case for plaintiff, the motion to exclude should not have been allowed, *Anderson* v. *Telephone Co.*, 86 Miss. 341, 350. This has been law for time out of mind; it has been iterated and reiterated time after time, and has been emphasized in case after case, even as late as *Bonnelli* v. *Branciere,* 90 So. 245.

A peremptory instruction is proper only when all the facts in evidence taken as true, with every just inference from them, fail to maintain the issue. *Whitney* v. *Cook,* 53 Miss. 551; *Farmer* v. *Cumberland Tel. & Tel. Co.,* 86 Miss. 55.

The court below must have instructed the jury in this case, following and sustaining the motion to exclude, orally. No instruction in writing appears in the record,

and there is nothing to show any filing by the clerk of any instruction.

To recapitulate:—Just where this case failed in conclusive proof, even with the adverse rulings and erroneous decisions of the trial judge, much less a *prima-facie* case, is beyond my understanding. Every essential fact was proved—title under written conveyance signed and delivered; possession under that conveyance; full compliance with the terms of the conveyance; recognition by the defendant of the title of plaintiff; the reckless tort and trespass of the defendants; the actual number of the trees cut and taken; the statutory period of time; the admission of the defendants of every fact alleged and to be inferred from the evidence; no attempt at justification by the defendants; each, all and every one fully proven and established, and even admitted and yet this motion is sustained, and peremptory instruction allowed.

I respectfully submit that the cause should be reversed.

*David C. Bramlette,* for appellees.

No proof any tree cut twelve inches in diameter or over. If appellant had made out a perfect case in every other respect, he could not recover because the timbers purported to be involved are: "From above twelve inches in diameter at the stump and up." See contract, *supra.* The testimony fails to show that a single tree cut was twelve inches in diameter or over. So far as the proof reveals, every tree cut might have been under twelve inches in diameter, in which appellant under the instrument introduced does not claim to assert any interest.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, E. C. Rowan, entered into a contract with Mrs. Thomas E. Murray for the sale of certain timber growing on lands therein described, said contract reading as follows:

"Near Rosetta, Miss., Dec. 12, 1919.

"This contract entered into between Mrs. Thomas E. Murray, the party of the first part, and E. C. Rowan, the party of the second part, hereby avers:

"Mrs. Murray sells and E. C. Rowan buys all the merchantable timber except beech on the following lands. Beech will be used if party of second part can secure a practical offer for it. Timbers taken from above twelve inches diameter at the stump and up. Lands described as:

"The Southwest quarter of Southeast quarter, less ten acres, South half of Southwest quarter of Southwest quarter and South part of Southeast quarter of Southwest quarter, section 26, township 4, range 1 East. And East half of Northwest quarter and East quarter of Southwest quarter of Northwest quarter and Northwest quarter of Northeast quarter, section 35, township 4, range 1 East. And any other timber on land adjoining that belongs to Mrs. Murray, about two hundred and thirty-five acres in all.

"Party of second part agrees to begin erection of a mill to cut this timber in not less than sixty days from date. He to have the use of any land except field, to erect mill and other buildings. All buildings to remain the property of Mrs. Murray. All necessary wagonroads and right of ways to be given for logs and lumber hauling. Price of timber to be two dollars and fifty cents per thousand feet scaled at mill. E. C. Rowan to pay Robert Murray fifty dollars per month to scale this timber after mill starts.

"Ten dollars cash paid and received on this contract, not counted on contract.

"[Signed] MRS. I. MURRAY.

"E. C. ROWAN.

"W. L. ROWAN.

"Witness: R. L. MURRAY.

"State of Mississippi, Amite County.

"Personally appeared before me, Joe Upton, a notary public, in and for district No. 3 of said county, and state, W. L. Rowan, one of the subscribing witnesses to the attached and foregoing instrument, who being first duly

sworn, deposeth and said that he saw the within or above named Mrs. I. Murray whose name is subscribed hereto, sign and deliver the same to the said E. C. Rowan, that he this affiant subscribed his name as a witness thereto in the presence of the said Mrs. I. Murray.

                    "[Signed] W. L. ROWAN.

"Sworn to and subscribed before me the 7th day of April, A. D. 1920.

          "[Signed] JOE UPTON, Notary Public [Seal.]"

After the execution of this contract, the Foster Creek Lumber & Manufacturing Company secured a contract from Mrs. Murray and cut the timber growing upon said lands and removed said timber to its mill. The other appellees were employees of the lumber company engaged in the cutting and removal of said timber. Suit was brought for the statutory penalties aggregating sixteen thousand and fifty dollars for the alleged cutting of one thousand and fifty pine trees and twenty beech trees. The general issue was filed to the declaration and special notice given that on the trial of the cause defendants intend to and will prove that at the time of the alleged trespass Foster Creek Lumber & Manufacturing Company had acquired title to all the trees and timber involved in this case with full rights and privileges for the removal thereof from the lands described in the declaration.

The plaintiff proved the execution of the contract, proved notice to the defendant Foster Creek Lumber & Manufacturing Company, prior to the acquirement of the Foster Creek Lumber & Manufacturing Company's contract from Mrs. Murray, and proved that he had entered upon the premises involved and had begun the erection of a sawmill plant and had cut some of the timber down around and near the mill, and that the defendants cut and removed one thousand and sixty-nine trees, and that the lumber company had removed the trees that the plaintiff had cut. At the conclusion of the plaintiff's evidence a motion was made for a peremptory instruction for the defendants, which motion was sustained by the court and a judgment

accordingly entered, from which this appeal was prosecuted.

There are many assignments of error made to the action of the court below, and the controversy in the court below seemed to have largely revolved around the question as to whether the contract of the plaintiff was sufficient to convey the timber or whether it was a mere option which was revoked by a subsequent sale to the lumber company.

In our views of the case the plaintiff has failed to make out his case independent of this consideration, and it is not necessary for us to determine many questions presented because the plaintiff failed in his proof in making out the case brought even if his contract should be construed to be a deed. The testimony upon the number of trees cut is specific, but it will be noted from a reading of the contract that the plaintiff's right was to trees measuring twelve inches in diameter and over at the stump, and there is nothing in the proof to show how many of the trees of that character were cut. It was necessary for the plaintiff to make this proof because the trees under that dimension were trees as to which plaintiff had no title. In cases of this kind the plaintiff must make out his case by proving every fact essential to recovery. It was incumbent upon the plaintiff to prove the number of trees twelve inches and over at the stump, as well as the kind of trees so cut.

It follows from what we have said that the judgment of the court below must be affirmed.

*Affirmed.*